## W. G. ARRINGTON v. THE STATE.

### No. 3224. Decided October 18, 1905.

**1.—Illegal Voting—Former Conviction—False Swearing.**

The offense of false swearing and illegal voting are different offenses, and there is no inhibition in the Constitution against defendant being prosecuted for both offenses; the mere fact that they occur contemporaneously does not make them one and the same offense.

**2.—Same—Statutes Construed—Illegal Voting—Repeal by Implication.**

Article 171, Penal Code, denounces the offense of illegal voting and attaches thereto a penalty. The fact that other acts are subsequently denounced as illegal voting and made penal under the Terrell Election Law, would not prevent said acts being prosecuted under said article, and the party may be prosecuted and convicted under said article for not having paid his poll tax and not holding a certificate before voting as required under the Terrell Election Law, which does not repeal said article by implication.

Appeal from the District Court of Jones. Tried below before Hon. H. R. Jones.

Appeal from a conviction of illegal voting; penalty, two years in the penitentiary.

The opinion states the case.

*A. M. Craig,* for appellant.—On question of former conviction: Grisham v. State, 19 Texas Crim. App., 504; Shubert v. State, 21 Texas Crim. App., 551; Brink v. State, 18 Texas Crim. App., 344; Foster v. State, 25 Texas Crim. App., 543; Emmons v. State, 34 Texas Crim. Rep., 118.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of illegally voting, and his punishment fixed at two years confinement in the State penitentiary. The illegality of the voting consisted in appellant not having a poll tax, and appellant not holding a certificate showing that the poll tax had been paid.

The first error complained of is that the court erred in holding appellant's plea of former conviction, or jeopardy was not well taken. His plea was based upon the successful prosecution and conviction of appellant for false swearing, insisting that the false swearing was a part and parcel of the same transaction as the illegal voting. The district attorney filed a motion to strike out this plea, which was sustained by the court. In this there was no error. The offense of false swearing and illegal voting are different offenses, and there is no inhibition in the Constitution against appellant being prosecuted for false swearing and also for illegal voting. The mere fact that they occur contemporaneously does not make them one and the same offense.

Appellant's second complaint is, that since the passage by the 28th Legislature of what is generally known as "The Terrell Election Law" there is no statute denouncing and providing a punishment for the offense of illegal voting. This is not correct. Article 171, Penal Code, denounces the offense of illegal voting, and attaches thereto a penalty. The fact that other acts are subsequently denounced as illegal voting and made penal, would not prevent said acts being prosecuted under said article. The Terrell Election Law merely provides other and additional qualifications for voters. It did not attempt by implication to repeal the above cited article; and said article applies to any character of voting. It would be illegal to vote, unless the party complies with any condition that the Legislature might subsequently require.

The evidence amply supports the verdict of the jury, and the judgment is affirmed.

*Affirmed.*